IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| Michael Rostermundt,<br><br>   Plaintiff,<br><br>     v.<br><br>Joanne B. Barnhart,<br>Commissioner of Social<br>Security,<br><br>   Defendant. | No. 5:04-CV-4087-DEO<br><br>**ORDER** |

Plaintiff Michael Rostermundt filed a complaint in this Court on November 10, 2003, seeking review of the Commissioner's decision to deny his claim for social security disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §401, et seq. This Court's duty is to review a final decision by the Commissioner. 42 U.S.C. § 405(g).

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). The ALJ must determine the individual's ability to perform sustained work activities in an ordinary work setting on a

regular and continuing basis, *i.e.*, 8 hours a day, for 5 days a week.  Social Security Ruling (SSR) 96-8p.  In evaluating Mr. Rostermundt's claim, the ALJ followed the familiar five-step sequential evaluation process outlined in 20 C.F.R. §404.1520.  (A.R. at 15).

Plaintiff contends the Administrative Law Judge (ALJ) committed several errors in his evaluation of the evidence. Plaintiff's primary contention is that, due to numerous hospitalizations and medical/surgical procedures, he was unable to perform any type of work activity on a sustained basis.  In the three year period covered by the medical records, Mr. Rostermundt had some nine surgical/medical procedures and seven hospitalizations. The claimant had knee surgery (plus at least a month of physical therapy, hardware removal 15 months later, and continued use of a brace a year later); thumb surgery (plus hardware removal and continued use of wire between thumb and wrist); a flexible sigmoidoscopy, some three colonoscopies; surgery for a urinary diversion and colon resection; at least four urinary infections (one ER visit, two hospitalizations, one intensive care admission); a leaking ostomy; a urogram; some three mental health commitments; and numerous follow-up appointments for his

2

surgeries and other conditions.

The Commissioner responds, arguing plaintiff had a fair hearing and full administrative consideration in accordance with applicable statutes and regulations. The Commissioner further argues substantial evidence on the record as a whole supports the Commissioner's decision.

Having considered the oral and written arguments of the parties and having reviewed the administrative record, the Court finds this matter should be reversed and remanded for the payment of benefits from July 1, 2000 to March 26, 2004. As there is some expectation in the record that the plaintiff's condition would improve due to the treatment provided, the issue of medical improvement should be explored on remand.

**IT IS THEREFORE HEREBY ORDERED** that the Commissioner's decision is reversed and this matter is remanded to the Commissioner for the payment of benefits from July 1, 2000 to March 26, 2004.

**IT IS FURTHER ORDERED** that the Commissioner's decision is reversed and this matter is remanded to the Commissioner for further proceedings to determine whether Plaintiff's entitlement to benefits continued beyond March 26, 2004.

The judgment to be entered will trigger the running of the time in which to file an application for attorney's fees under 28 U.S.C. § 2412(d)(1)(B) (Equal Access to Justice Act). *See* Shalala v. Schaefer, 509 U.S. 292 (1993) and LR 54.2(b).

**IT IS SO ORDERED** this 22nd day of July, 2005.

Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa